**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENIO COLON,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>          Defendant - Appellee. | No. 13-35875<br><br>D.C. No. 3:12-cv-05640-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 15, 2015
Seattle, Washington

Before: KOZINSKI, W. FLETCHER and FISHER, Circuit Judges.

Eugenio Colon appeals the district court's judgment affirming the

administrative law judge's (ALJ) denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The ALJ provided "specific, clear and convincing reasons" supported by substantial evidence for concluding Colon was not credible. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ gave seven independent rationales for her finding, all but one of which are valid. The six valid rationales constituted specific, clear and convincing reasons to discount Colon's credibility. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

2. The ALJ did not improperly reject the opinions of five examining sources and one non-examining source. The ALJ provided "specific and legitimate reasons that are supported by substantial evidence in the record" for discounting the contradicted medical opinions of each examining source. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The opinion of the non-examining source was ambiguous, and the ALJ properly resolved the ambiguity by citing "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The ALJ also considered Colon's GAF scores and, consistent with 20 C.F.R. §§ 404.1527(c), 416.927(c) and SSR 06-03p, discounted them because they provided little information on occupational functioning.

3. The ALJ did not err by failing to consider in her residual functional capacity assessment medical evidence she determined to be noncredible because she "was not required to incorporate evidence from . . . opinions . . . which were permissibly discounted." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

**AFFIRMED.**